UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH COLEMAN MACFADDIN,

    Plaintiff,

v.                                            Case No. 3:24cv59-MCR-HTC

BLACKWATER RIVER CORRECTIONAL
REHABILITATION FACILITY CENTER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Joseph Coleman MacFaddin's amended complaint purporting to assert claims under 42 U.S.C. § 1983. Doc. 7. Upon consideration and for the reasons set forth herein, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**I.    LEGAL STANDARD**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.

§§ 1915(e)(2)(B). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## II.   DISCUSSION

Plaintiff is a prisoner, proceeding *pro se*, in the custody of the Florida Department of Corrections, currently incarcerated at Calhoun Correctional Institution. Plaintiff initiated this action by filing an incomplete complaint on this Court's complaint form, which contained nothing more than a laundry list of medical ailments from which he suffers. Doc. 1. Plaintiff named Blackwater River Correctional Rehabilitation Facility Center ("BRCF") and Centurion Medical Center as defendants. He left the Statement of Claims and Request for Relief sections of the complaint form blank. After screening the complaint pursuant to 28 U.S.C. § 1915, the Court issued an amend order which advised Plaintiff that his complaint violated Federal Rule of Civil Procedure 8; provided instructions on how to amend the complaint; and warned him that failure to comply with the Court's directives may result in a dismissal. Doc. 6.

On March 20, 2024, Plaintiff filed an amended complaint. Doc. 7. The amended complaint, which adds an inmate, Sean Pavolko, as a Defendant, however, fares no better than the original. As this Court previously advised Plaintiff, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Fed. R. Civ. P. 8(a)(2); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Here, Plaintiff's amended complaint does not even approach the low bar of Rule 8's pleading standard.

In the Statement of Facts, Plaintiff states that "cameras and grievances to classification would have prevented what happened to [him]," Doc. 7 at 5, but never explains what happened, how it happened, or who was involved. Instead, he states the last thing he remembers is sending a message to his wife on February 14, 2021, waking up in medical on March 6, 2021, and being told he was seriously hurt and needed stitches. Admittedly, he says that he is "blank on what really happened." *Id.* at 6. Nonetheless, Plaintiff claims to be suffering from a host of medical issues and seeks to assert claims for "proper medical care" and "safe housing." *Id.* at 7. There are, however, absolutely no facts in the complaint to show that any of Plaintiff's medical conditions were caused by Defendants or by any violations of his

constitutional rights. Likewise, there are no facts showing that Plaintiff was not provided adequate medical care or housing.

The fact that Plaintiff was injured in prison does not necessarily mean his constitutional rights were violated. To assume a violation occurred would be purely speculative. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]") (citation omitted); *see also Erickson v. Merck & Co.*, 2018 WL 2357273, at *5 (M.D. Fla. May 17, 2018) ("[W]hile courts must construe pleadings so as to do justice, courts are not obliged to comb through pleadings that are so far afield from rule 8 to search for potentially viable claims like the proverbial needle in a haystack."). Plaintiff has clearly failed to state a claim for relief. *See also, e.g.*, *Unum v. Expert Witness*, 2014 WL 5593340, at *1 (M.D. Pa. Oct. 28, 2014) (dismissing plaintiffs' complaint for being deficient under Rule 8, because, while plaintiffs listed their medical ailments, they offered "no facts and no narrative explaining the events which give rise to the complaint").

Additionally, as this Court advised Plaintiff in its prior Order, under Florida law, a correctional facility, such as BRFC, is not capable of being sued. Doc. 6 at 3 (citing *Monroe v. Charlotte Cnty. Jail*, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015)). Likewise, inmate Pavolko is not subject to suit under section 1983 because he is neither a state actor nor are there any facts indicating he acted "under color of state law." *See Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per

curiam); *see also, e.g.*, *Capers v. Hugghins*, 2020 WL 8096330, at *2 (M.D. Ala. Dec. 14, 2020) (dismissing as frivolous section 1983 claim against fellow inmate), *report and recommendation adopted*, 2021 WL 123381 (M.D. Ala. Jan. 12, 2021).

### III.   CONCLUSION

This Court should dismiss Plaintiff's amended complaint without further amendment, *see* Fed. R. Civ. P. 15(a), because, despite being given an opportunity to more carefully craft his complaint to state a claim for relief, Plaintiff has proven unable to do so.  Indeed, as Plaintiff has no recollection of how he was injured, what treatment he received, who injured him, or who treated him, any further opportunity to amend would be futile.  Dismissal of this case—rather than a second attempt at amendment—is also appropriate because Plaintiff failed to heed the Court's prior instructions.  *See Ramos v. Katzman Chandler PA*, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (per curiam) (affirming dismissal of an amended complaint which was "nearly identical" to the original and did not cure most deficiencies identified by the court).

Accordingly, it is respectfully RECOMMENDED:

1.    This case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 5th day of April, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.